# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSOUR W. SAIKALY, ) | 1:06-CV-00738 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| ) | |
| D. SMITH, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary at Atwater, California, pursuant to a judgment of the United States District Court for the Northern District of Ohio entered on August 19, 1993, following his guilty conviction by jury trial of drug conspiracy, use and possession of a firearm in connection with a drug-trafficking offense, and being a felon in possession of a firearm. See United States v. Saikaly, 207 F.3d 363 (6th Cir. 2000).

---

[1]This information was derived from the petition for writ of habeas corpus.

1  Petitioner was sentenced to 360 months in federal prison. See p. 2, Petition.

2  Petitioner appealed the conviction to the Sixth Circuit Court of Appeals. On April 27, 1995,
3  the Sixth Circuit denied the appeal. United States v. Ross, 53 F.3d 332 (6th Cir. 1995). Petitioner
4  then filed a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255. The district
5  court granted the motion in part and re-sentenced Petitioner to a determinate term of 240 months.
6  Saikaly, 207 F.3d 363. Thereafter, Petitioner appealed again to the Sixth Circuit. On March 23, 2000,
7  the Sixth Circuit affirmed the conviction in part, reversed in part, and remanded the case for re-
8  sentencing. Id. On August 21, 2001, Petitioner was re-sentenced to a total determinate term of 240
9  months. Id.

10  On June 13, 20064, Petitioner filed the instant petition for writ of habeas corpus in this Court.
11  Petitioner alleges the following grounds for relief: 1) "Judge A. Polster of the District Court for the
12  Northern District of Ohio violated my right to due process by failing to impose Apprendi at
13  sentencing"; and 2) "The Sixth Circuit Court of Appeals misinterpreted the ruling in Apprendi thus
14  denying me due process on appeal."

15  **JURISDICTION**

16  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
17  or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
18  U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719
19  F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
20  643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*.
21  Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by
22  way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,
23  929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
24  F.2d 840, 842 (5th Cir.1980).

25  In contrast, a federal prisoner challenging the manner, location, or conditions of that
26  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
27  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
28  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

1  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd
2  Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United
3  States, 610 F.2d 672, 677 (9th Cir. 1990).
4       In this case, Petitioner is challenging the validity and constitutionality of his sentence rather
5  than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to
6  file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.
7       In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
8  under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to
9  test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting
10 § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or
11 ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Holland v.
12 Pontesso, 234 F.3d 1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective because
13 Petitioner misses statute of limitations); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999)
14 (Dismissal of a successive motion attacking sentence did not render such motion procedure an
15 ineffective or inadequate remedy, so as to authorize federal prisoner to seek habeas relief); Aronson
16 v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render §
17 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal
18 treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th
19 Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-
20 Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented
21 by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the
22 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
23       In this case, Petitioner challenges his sentence. Because Petitioner is alleging errors in his
24 conviction and sentence, and not errors in the administration of his sentence, the Court finds that
25 Petitioner is not entitled to relief under § 2241, and his petition should be dismissed.  In addition,
26 Petitioner makes no claim that § 2255 is inadequate or ineffective.  Should the Petitioner wish to
27 pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant
28

to 28 U.S.C. § 2255.² The petition must be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 26, 2006**                         **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE

---

² A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced.* In this case, Petitioner challenges convictions and sentences adjudicated in the U.S. District Court for the Central District of California.