# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSOUR W. SAIKALY, ) | 1:06-CV-00738 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #5] |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| D. SMITH, Warden, ) | [Doc. #1] |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 26, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED for failure to allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On July 17, 2006, Petitioner filed objections to the Findings and Recommendation. In his

objections, Petitioner contends that his remedy under § 2255 is inadequate and ineffective. He claims he has already filed a motion pursuant to § 2255 in the sentencing court. However, a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate. Aronson v. May, 85 S.Ct. 3, 5 (1964). The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. The Ninth Circuit has acknowledged that "[o]ther circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). Nevertheless, the Ninth Circuit in Lorentsen specifically declined to decide whether to adopt the holdings of any other circuits. Id. Notably, however, the Ninth Circuit did find that the Petitioner in Lorentsen could not invoke the "escape hatch in § 2255" because the Petitioner was not "actually innocent" of the underlying conviction. Id.

Here, it is clear that Petitioner's arguments do not demonstrate the § 2255 remedy to be inadequate or ineffective. Although Petitioner uses the term "actual innocence," Petitioner makes no claim that he is factually innocent of the underlying conviction; rather, Petitioner claims constitutional error in the calculation of his sentence. Sentencing error does not constitute actual innocence as set forth by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."). In addition, it is apparent that Petitioner has had several unobstructed procedural opportunities to present the instant claims to the sentencing court and the Sixth Circuit Court of Appeals.

Even if the petition was allowed to pass through the savings clause, it would be without merit because Apprendi and its progeny have not been held to be retroactive to cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir.2002) (the ruling in Apprendi does not apply retroactively to initial petitions for collateral review); Cook v. United States, 386 F.3d 949, 950 (9th Cir.2004) (Blakely v. Washington, 124 S.Ct. 2531 (2004) is not retroactive); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005)

1  (<u>United States v. Booker</u>, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) is not retroactive**)**; <u>McReynolds v.
2  United States</u>, 397 F.3d 479, 481 (7th Cir.2005) (same); <u>United States v. Price</u>, 400 F.3d 844, 845
3  (10th Cir.2005) (same); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir.2005) (per curiam)
4  (same); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.2005) (same); <u>United States v. Sahlin</u>, 399
5  F.3d 27 (1st Cir.2005) (<u>Booker</u> provides no basis to vacate the entry of a pre-<u>Booker</u> guilty plea).

6  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
7  *novo* review of the case. Having carefully reviewed the entire file and having considered the
8  objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
9  supported by the record and proper analysis, and there is no need to modify the Findings and
10 Recommendations based on the points raised in the objections.

11 Accordingly, IT IS HEREBY ORDERED that:

12 1. The Findings and Recommendation issued June 26, 2006, is ADOPTED IN FULL;

13 2. The Petition for Writ of Habeas Corpus is DISMISSED; and

14 3. The Clerk of Court is DIRECTED to enter judgment.

16 IT IS SO ORDERED.

17 **Dated:    September 28, 2006**            /s/ **Anthony W. Ishii**
   0m8i78                                UNITED STATES DISTRICT JUDGE